IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSEMARY COSTA,

            Plaintiff,                        No. 03:10-cv-00786-JE

     v.

CAROLYN W. COLVIN, Acting              OPINION & ORDER
Commissioner of Social Security,

           Defendant.

Tim Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, Nevada 89137

     Attorney for Plaintiff

Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902

1 - OPINION & ORDER

Gerald J. Hill
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

     Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Rosemary Costa brought this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). In a January 31, 2012 Findings and Recommendation, Judge Jelderks recommended that the Commissioner's decision be affirmed. I adopted the Findings and Recommendation in a March 21, 2012 Order. A Judgment was entered on that same day.

Plaintiff appealed to the Ninth Circuit which, in an unpublished July 30, 2013 Memorandum, affirmed in part, vacated in part, and remanded in part. Plaintiff's counsel presently seeks an award of $14,809.49 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), and costs in the amount of $495.41. Defendant opposes the fee request, arguing that the government's position was substantially justified. Defendant also challenges the requested fees as unreasonable. Because I agree with Plaintiff that the government's position was not substantially justified and that the requested fees are reasonable, I grant Plaintiff's motion.

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff was the prevailing party on appeal.

The burden is on the Commissioner to show that his position was substantially justified.

Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010).  Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" "EAJA creates a presumption that fees will be awarded to prevailing parties."  Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995).  However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified."  Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).  To establish that its position was substantially justified, the government must show that the underlying decision by the Administrative Law Judge (ALJ) had "a reasonable basis both in law and fact."  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012).  The question here is not whether Defendant was justified in contending that Plaintiff was not disabled but whether Defendant's decision to defend on appeal the error by the ALJ as found by the Ninth Circuit was substantially justified.  Shafer v. Astrue, 518 F.3d 1067, 1071 & n.6 (9th Cir. 2008).

     In seeking reversal of my Order affirming the decision of the Commissioner to deny Plaintiff DIB, Plaintiff raised four arguments and prevailed on one of them.  That argument entailed reviewing the ALJ's step four determination that Plaintiff could perform her past relevant work.  In reversing, the Ninth Circuit explained that the record was ambiguous regarding the nature of Plaintiff's past relevant work and that the ALJ failed to make relevant findings as to what portion of Plaintiff's previous work was light or medium.  As a result, the Ninth Circuit could not actually determine whether the ALJ's residual functional capacity classification was supported by substantial evidence.  Accordingly, it remanded the case to the Commissioner for further proceedings.

     I disagree with Defendant that the ALJ's step four finding and Defendant's defense of that

finding had a reasonable basis in law and fact. The essence of the Ninth Circuit's decision is that the ALJ's step four finding was not reasonably based on the record, meaning it did not have a reasonable basis in fact. That the Ninth Circuit did not expressly state that the ALJ erred in finding Plaintiff able to perform her past relevant work as generally performed does not alter its holding that the ALJ's step four determination was not supported by the record absent additional findings by the ALJ. Accordingly, the government's position lacked a reasonable basis in fact, making it not substantially justified.

As to the amount of fees requested, the district court possesses "considerable discretion" in determining the reasonableness of a fee award. Webb v. Ada Cnty., 195 F.3d 524, 527 (9th Cir. 1999); see also Keyser v. Astrue, No. 01:08-cv-01268-CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012) (district court exercises discretion in awarding fees under EAJA). The fee award is a combination of the number of hours reasonably worked, multiplied by a reasonable hourly rate.

I reject Defendant's challenges to Plaintiff's requested fees for time spent on two motions for extension of time, on one motion made to the Ninth Circuit for submission on the briefs, and on preparing a memorandum regarding the case strategy after remand by the Ninth Circuit and communicating with the post-remand attorney. Motions for extension of time are common in social security cases, at least at the district court level. The motion submitted to the district court on February 9, 2011 was unopposed and was granted. The motion for submission on the briefs appears to have been made in a good faith attempt to save time and expense. The fact that it was denied does not make it unreasonable. And, the total of 1.1 hours spent after the Ninth Circuit remanded the case both in assessing the strategy for going forward and in communicating to

remand counsel is also not unreasonable.

I further decline to adjust the fees as a result of Plaintiff prevailing on only one of four arguments made to the Ninth Circuit and obtaining a remand rather than an outright award of benefits. The ultimate issue in Plaintiff's appeal of the Commissioner's decision was whether the ALJ erred in denying Plaintiff DIB. Although Plaintiff did not convince the Ninth Circuit of her position on three of her four arguments, Plaintiff obtained a significant victory when the Ninth Circuit concluded that the record did not support the ALJ's step four determination. At this point, she has achieved a determination that the ALJ erred in denying her DIB on the current record absent additional findings. That is sufficient to allow the award for all of the time expended by Plaintiff's counsel.

As to the calculation of the award, the parties agree that based on the EAJA formula[1], the correct hourly rates are as follows: (1) $175.06 for time spent in 2010; (2) $180.59 for time spent in 2011; (3) $184.32 for time spent in 2012; and (4) $186.69 for time spent in 2012. As shown in Plaintiff's "Schedule A," Plaintiff's counsel spent 6.9 hours in 2010, 26.6 hours in 2011, 25.55 hours in 2012, and 21.9 hours in 2013. The total fee award is $14,809.49.

Defendant does not oppose the requested costs of $70.25 in postage and $425.16 in air fare and hotel charges incurred in attending oral argument. These costs are reasonable and

---

[1] EAJA sets a ceiling of $125 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the consumer price index for all urban consumers (CPI-U). Jones v. Espy, 10 F.3d 690, 692-93 (9th Cir. 1993) (CPI-U for all items, not just legal services, applies). The EAJA formula multiples the EAJA ceiling of $125/hour by the CPI-U for current month/155.7 (the CPI-U for March 1996, the month Congress adopted current $125/hour ceiling). Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988) (explaining formula).

5 - OPINION & ORDER

properly awarded under EAJA.  28 U.S.C. § 2412(a)(1) (EAJA allows prevailing party to recover costs as enumerated in 28 U.S.C. § 1920); 28 U.S.C. §§ 2412(b), 2412(d)(1)(A) (EAJA entitles prevailing party to other "expenses" in addition to the costs allowed under subsection (a)(1)); Int'l Woodworkers Of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir. 1985) (upholding EAJA award including costs for telephone calls, postage, air courier, and attorney travel expenses); League of Wilderness Defenders-Blue Mountains Biodiversity Project v. Smith, 491 F. Supp. 2d 980, 989 (D. Or. 2007) (EAJA award included filing fee, travel expenses, and postage).

## CONCLUSION

Plaintiff's motion for an award of attorney's fees and costs under EAJA [24] is granted. Plaintiff is awarded $14,809.49 in fees and $495.41 in costs for a total award of $15,304.90.

IT IS SO ORDERED.

Dated this 3 day of Nov, 2013

Marco A. Hernandez
United States District Judge